IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ADVOCARE OF NORTH CAROLINA, | ) | |
| INC., d/b/a MAGNOLIA GARDENS, | ) | Case No. 04-83632 |
| | ) | |
| Plaintiff, | ) | Adv. No. 05-9015 |
| | ) | |
| vs. | ) | |
| | ) | |
| KIM WALKER RHODES, EXECUTRIX | ) | |
| OF WALLACE GRAY WALKER, | ) | |
| DECEASED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

THIS MATTER came before the Court for hearing on May 10, 2005 upon the Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") filed by the Plaintiff on April 22, 2005. At the hearing, Edwin R. Gatton appeared on behalf of the Plaintiff, Lewis A. Cheek appeared on behalf of the Defendant, John A. Northen appeared on behalf of the Unsecured Creditors' Committee, and Robyn R.C. Whitman appeared on behalf of the Bankruptcy Administrator's Office. Based upon a review of the Motion, the arguments presented at the hearing, and a review of the entire official file, the Court hereby finds as follows:

## FACTS

1.     On October 8, 2004, the Defendant filed an Application and Order Extending Time to File Complaint in state court. On the same day, the state court entered an order extending the time to file a complaint through February 4, 2005.

2.     On December 6, 2004, the Plaintiff filed a Chapter 11 bankruptcy in this Court.

3.      On December 30, 2004, the Defendant filed a Motion to Lift the Automatic Stay (the "Lift Stay Motion") in the bankruptcy proceeding seeking permission for the Defendant (a) to file a complaint against the Plaintiff for wrongful death, medical malpractice, and negligence, (b) to liquidate a claim as to all defendants in state court, and (c) to determine the existence of any insurance coverage of the Plaintiff that would apply to the Defendant's claim.

4.      On January 20, 2005, a hearing was held on the Lift Stay Motion.  At the hearing, the Defendant requested that the automatic stay be lifted so that the Defendant could pursue the following causes of action against the Debtor (a) wrongful death, (b) medical malpractice, and (c) negligence.  The Defendant did not address its desire to pursue other causes of action against the Debtor, including piercing the corporate veil, alter ego, civil conspiracy, or unfair and deceptive trade practices.  The Court ruled at the hearing that the Defendant could pursue <u>only</u> the wrongful death, medical malpractice, and negligence causes of action.

5.      On February 4, 2005, the Defendant filed a Complaint in state court.  In addition to claims of negligence, wrongful death, and medical malpractice, the Complaint alleged the following claims: (a) a third cause of action seeking to pierce the Plaintiff's corporate veil, (b) a fifth cause of action alleging an alter ego theory or civil conspiracy theory, and (c) a sixth cause of action asserting Unfair and Deceptive Trade Practices.

6.      On February 4, 2005, this Court entered an Order lifting the automatic stay pursuant to the Lift Stay Motion (the "Lift Stay Order") granting the Defendant the right to "proceed with the State Court Action in the State courts of North Carolina for the purposes of determining any claim against [the Plaintiff] with such claim to be paid or treated in accordance with further orders of the Bankruptcy Court."  Despite the broad language of the Lift Stay Order, the Defendant was only

2

authorized to liquidate its wrongful death, medical malpractice, and negligence claims against the Debtor, no other claims having been mentioned or addressed at the January 20, 2005 hearing.

      7.     On April 22, 2005, this Adversary Proceeding was filed alleging breach of the Lift Stay Order and violations of the automatic stay.

      8.     On April 26, 2005, this Court entered a Temporary Restraining Order forbidding the Defendant from pursuing the third, fifth, and sixth causes of action in the Complaint.

## CONCLUSIONS OF LAW

To obtain a preliminary injunction, the plaintiff must show a likelihood of irreparable harm and either (a) a likelihood of success on the merits of the plaintiff's claim, or (b) that the merits present a serious question for litigation and that the balance of hardships tips decidedly toward the plaintiff.  See Fisher-Price v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 122 (2nd Cir. 1994).  A preliminary injunction will be granted only when it is reasonably or substantially likely that the plaintiff will prevail on the merits.  See Mettler-Toledo, Inc. v. Acker, 908 F. Supp. 240, 246 (M.D. Pa. 1995).  Probable success on the merits has been deemed the most important factor to be considered by a court in deciding whether to issue a preliminary injunction.  See AVR, Inc. v. Churchill Truck Lines, Inc., 915 F. Supp. 1025, 1030 (D. Minn. 1996).  Because the factors considered in determining the granting of a preliminary injunction are factors to be balanced rather than prerequisites to be met, the stronger the likelihood that the plaintiff will win, the less important is the need for the plaintiff to show that the denial of the preliminary injunction would hurt him or her more than granting it would hurt the defendant.  See Planned Parenthood of Wisconsin v. Doyle, 162 F.3d 463, 465 (7th Cir. 1998).

## Piercing the Corporate Veil

The third cause of action, which states a claim for piercing the corporate veil of the Debtor and other entities, is undisputedly property of the estate. Property of the estate is construed broadly and includes any causes of action existing at the commencement of the case. See 11 U.S.C. § 541(a); Cain v. Hyatt, 101 B.R. 440, 442 (Bankr. E.D. Pa. 1989). The Debtor has "exclusive standing to prosecute a cause of action for piercing the corporate veil or alter ego." In re Holcomb, 120 B.R. 35, 43 (Bankr. M.D.N.C. 1990), citing Steyr-Bainler-Puch of America Corp. v. Pappas, 852 F. 2d 132, 135 (4th Cir. 1988). The Defendant is automatically stayed from pursuing the third cause of action pursuant to 11 U.S.C. § 362(a)(3); the Lift Stay Order does not change this result. Thus, the Plaintiff has met its burden of establishing a likelihood of success on the merits of the claim to bar the Defendant from pursuing the third cause of action, and the Defendant is preliminarily enjoined from pursuing the third cause of action.

## Alter Ego/Civil Conspiracy and Unfair and Deceptive Trade Practices

Assuming for the sake of argument that the fifth cause of action is not an alter ego cause of action[1] and therefore is not property of the estate, the analysis of the fifth (civil conspiracy) and sixth (unfair and deceptive trade practices) causes of action is the same. Neither cause of action is property of the bankruptcy estate. Nevertheless, prosecution of these causes of action by the

---

[1] The Court assumes that the fifth cause of action is not an alter ego cause of action simply for the sake of analysis; this position is the most advantageous position for the Defendant. However, the Plaintiff makes a strong argument that the fifth cause of action is an alter ego claim, which would make it property of the estate, Holcomb, 120 B.R. at 43, and not subject to prosecution by the Defendant. If, on the other hand, it is a civil conspiracy claim, then it is not property of the estate and must be analyzed consistent with the unfair and deceptive trade practices claim. For purposes of the preliminary injunction, the Court does not need to decide whether the fifth cause of action is property of the estate.

4

Defendant is barred under the analysis of <u>National American Insurance Company v. Rupert</u> <u>Landscaping</u>, 187 F.3d 439 (4th Cir. 1999). In <u>National American</u>, the debtor had entered into agreements with the defendant prior to bankruptcy to allow the defendant to purchase some of the debtor's notes from its lender and to purchase some of the debtor's assets. The debtor defaulted on some contracts that were bonded by sureties, and the sureties filed an involuntary bankruptcy against the debtor, which ultimately became a Chapter 7 proceeding. After the stay was lifted for the sureties, the sureties brought suit in district court challenging the debtor's transactions with the purchaser, pursuing counts that included successor liability, tortuous interference with contract, and statutory and common law conspiracy. The sureties argued that since their claims were not property of the estate, they could bring the claims directly against the purchaser in district court. See <u>id</u>. at 441. The Fourth Circuit disagreed and held that the sureties of the debtor lacked standing to pursue claims directly against the purchaser of the debtor's assets where the sureties' causes of action were dependent on showing fraud or improper purpose and were similar in object and purpose to fraudulent conveyance claims that the bankruptcy trustee could bring in bankruptcy court. See <u>id</u>. at 441. The court reasoned that the trustee had a potential fraudulent conveyance action against the debtor and purchaser, and all the sureties' claims had the same focus; to make their successor liability claim, the sureties relied heavily on exposing the debtor/purchaser transaction to be fraudulent in fact. The sureties' tortuous interference with contract and conspiracy claims also depended on showing fraud or other unlawful action with regard to the purchaser's purchase of the debtor's assets. Thus, while the sureties' claims and the trustee's fraudulent conveyance claim did not contain identical elements, they all shared the same underlying facts. The Fourth Circuit reasoned that even though claims of the debtor and an individual creditor are "not identical," the

5

court can stay proceedings initiated by the creditor in order to avoid "interfering with property of the estate." Id. at 441, citing In re Litchfield Co., 135 B.R. 797, 804 (Bankr. W.D.N.C. 1992). The sureties' causes of action were so similar in object and purpose to claims that the trustee could bring in bankruptcy court that the sureties lacked standing to pursue those claims in district court until the trustee had abandoned his potential fraudulent conveyance action. See id.

National American governs the matter at hand. The prosecution of the fifth and sixth causes of action, even though they are not property of the estate, are so similar to the causes of action of the Plaintiff, which are property of the estate, as to prevent the Defendant from having standing to prosecute them. All three causes of action are based on similar if not identical facts; the defendants are substantially the same. The Complaint lists as defendants the Debtor, entities closely related to the Debtor, and principals of the Debtor, as well as many non-debtor defendants. The Complaint alleges that the conduct of all defendants (other than particular nurses and doctors) were unfair and deceptive. The Debtor likely has a cause of action against some of the non-Debtor defendants. Even though a cause of action against the Debtor is not property of the estate, its prosecution would affect the Debtor's rights to prosecute its own causes of action. As such, National American mandates that the Defendant's prosecution of these causes of action be preliminarily enjoined.

There is a strong likelihood that the Debtor would suffer irreparable harm if the Defendant were allowed to pursue these causes of action. The Debtor would almost certainly be forced to make inconsistent arguments in bankruptcy court and in state court, and the rulings from the respective courts easily could be inconsistent. In addition, the prosecution of these causes of action could jeopardize the Debtor's ability to confirm of a plan of reorganization.

## <u>CONCLUSION</u>

The Court will grant the preliminary injunction.  The Defendant is preliminarily enjoined from prosecuting the third, fifth, and sixth causes of action in the Complaint.  The Defendant may continue to prosecute the other causes of action in the Complaint.

This memorandum opinion constitutes the Courts' findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ADVOCARE OF NORTH CAROLINA, | ) | |
| INC., d/b/a MAGNOLIA GARDENS, | ) | Case No. 04-83632 |
| | ) | |
| Plaintiff, | ) | Adv. No. 05-9015 |
| | ) | |
| vs. | ) | |
| | ) | |
| KIM WALKER RHODES, EXECUTRIX | ) | |
| OF WALLACE GRAY WALKER, | ) | |
| DECEASED, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

James K. Talcott, Esquire
121-B S. Elm St.
P.O. Box 3324
Greensboro, NC 27402-3324

Lewis A. Cheek, Esquire
3511 Shannon Road
Suite 200, Valley View
Durham, NC 27707

John A. Northen, Esquire
1414 Raleigh Road
Suite 435
P.O. Box 2208
Chapel Hill, NC 27515-2208