IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ADVOCARE OF NORTH CAROLINA, ) | |
| INC., d/b/a MAGNOLIA GARDENS ) | Case No. 04-83632 |
| ) | |
| Plaintiff, ) | Adv. No. 05-9015 |
| v. ) | |
| ) | |
| KIM WALKER RHODES, EXECUTRIX ) | |
| OF THE ESTATE OF WALLACE GRAY ) | |
| WALKER, DECEASED, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM OPINION**

This matter came before the Court on June 14, 2005 for a Pre-trial Hearing and for hearing on the Plaintiff's request for a permanent injunction. At the hearing, Edwin R. Gatton appeared on behalf of Advocare of North Carolina (the "Plaintiff"), Lewis A. Cheek appeared on behalf of Kim Walker Rhodes as executrix of the estate of Wallace Gray Walker (the "Defendant"), and Michael D. West appeared in his capacity as the Bankruptcy Administrator.

At the hearing, the Defendant moved, and the Plaintiff agreed, to treat the hearing as one for cross motions for summary judgment. As such, the matters before the Court are motions for summary judgment.

Based upon a review of the Complaint, the arguments presented at the June 14, 2005 hearing and previous hearings for a temporary restraining order and preliminary injunction, and a complete review of the official file, the Court finds as follows:

**FACTS**

1. On October 8, 2004, the Defendant filed an Application and Order Extending Time to File Complaint in state court. On the same day, the state court entered an order extending the time to file a complaint through February 4, 2005.

2. On December 6, 2004, the Plaintiff filed a Chapter 11 bankruptcy in this Court.

3. On December 30, 2004, the Defendant filed a Motion to Lift the Automatic Stay (the "Lift Stay Motion") in the bankruptcy proceeding seeking permission for the Defendant (a) to file a complaint against the Plaintiff for wrongful death, medical malpractice, and negligence, (b) to liquidate a claim as to all defendants in state court, and (c) to determine the existence of any insurance coverage of the Plaintiff that would apply to the Defendant's claim.

4. On January 20, 2005, a hearing was held on the Lift Stay Motion. At the hearing, the Defendant requested that the automatic stay be lifted so that the Defendant could pursue the following causes of action against the Debtor (a) wrongful death, (b) medical malpractice, and (c) negligence. The Defendant did not address its desire to pursue other causes of action against the Debtor, including piercing the corporate veil, alter ego, civil conspiracy, or unfair and deceptive trade practices. The Court ruled at the January 20, 2005 hearing that the Defendant could pursue <u>only</u> the wrongful death, medical malpractice, and negligence causes of action.

5. On February 4, 2005, the Defendant filed a Complaint in state court. In addition to claims of negligence, wrongful death, and medical malpractice, the Complaint alleged the following claims: (a) a third cause of action seeking to pierce the Plaintiff's corporate veil, (b) a fifth cause of action alleging an alter ego theory or civil conspiracy theory, and (c) a sixth cause of action asserting Unfair and Deceptive Trade Practices.

6. On February 4, 2005, this Court entered an Order lifting the automatic stay pursuant to the Lift Stay Motion (the "Lift Stay Order") granting the Defendant the right to "proceed with the State Court Action in the State courts of North Carolina for the purposes of determining any claim against [the Plaintiff] with such claim to be paid or treated in accordance with further orders of the Bankruptcy Court." Despite the broad language of the Lift Stay Order, the Defendant was only authorized to liquidate its wrongful death, medical malpractice, and negligence claims against the Debtor, no other claims having been mentioned or addressed at the January 20, 2005 hearing.

7. On April 22, 2005, this Adversary Proceeding was filed alleging breach of the Lift Stay Order and violations of the automatic stay.

8. On April 26, 2005, the Court held a hearing and granted a Temporary Restraining Order forbidding the Defendant from pursuing the third, fifth, and sixth causes of action in the Complaint. The Order granting the Temporary Restraining Order was entered on May 5, 2005.

9. On May 10, 2005, the Court held a hearing and granted a Preliminary Injunction. The Order and Memorandum Opinion granting the Preliminary Injunction was entered on May 12, 2005 (the "May 12, 2005 Order").

**CONCLUSIONS OF LAW**

Rule 56 of the Rules of Civil Procedure governs summary judgment. Rule 56(b) states that "a party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). By agreement, the parties both moved for summary judgment orally during the June 14, 2005 hearing; the matter is properly before the Court.

Under the Federal Rules of Civil Procedure, summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. As the Supreme Court has observed, "this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

At the hearing, the parties all agreed that there are no genuine issues of material fact in this proceeding. The question in the case -- whether to permanently enjoin certain causes of action asserted by the Defendant in a state court lawsuit against the Plaintiff and other defendants -- is solely a question of law.

The Defendant wishes to pursue three causes of action in state court, as follows: (1) piercing the corporate veil, (2) alter ego or civil conspiracy, and (3) unfair and deceptive trade practices. The May 12, 2005 Order discussed these causes of action, and the Court will not repeat that analysis.

### Piercing the Corporate Veil

The third cause of action in the Defendant's lawsuit seeks the remedy of piercing the corporate veil of the Debtor and other entities; it is undisputedly property of the bankruptcy estate. As discussed in the May 12, 2005 Order, the Defendant is barred from pursuing a cause of action against property of the bankruptcy estate. The Plaintiff is entitled to judgment as a matter of law on its First Claim for Relief (Declaratory Judgment) regarding the third cause of action.

Alter Ego/Civil Conspiracy and Unfair and Deceptive Trade Practices

The Defendant asserts that the fifth cause of action in the Defendant's lawsuit is a civil conspiracy claim while the Plaintiff asserts that it is an alter ego claim. The sixth cause of action in the Defendant's lawsuit is a claim for unfair and deceptive trade practices. At the hearing, the Defendant presented a new argument regarding the fifth and sixth causes of action in order to distinguish them from the third cause of action. The Defendant argued that the fifth and sixth causes of action pertain to non-Debtor defendants involved in the commission of wrongful acts, where as the third cause of action involved wrongful acts of the Debtor corporation. However, this argument presents a distinction without a difference. The Court incorporates herein the May 12, 2005 Order and its discussion on the fifth and sixth causes of action. Nothing stated by the Defendant at the hearing altered the Court's reasoning and decision. The fifth and sixth causes of action, even though arguably not property of the estate, are so similar to the third cause of action, which is property of the estate, as to prevent the Defendant from having standing to prosecute them.[1]

The Plaintiff is entitled to judgment as a matter of law on its First Claim for Relief (Declaratory Judgment) regarding the fifth and sixth causes of action.

Second Claim for Relief (Automatic Stay)

The Complaint alleges a second claim for relief for sanctions against the Defendant for the Defendant's violation of the automatic stay of Section 362 in its prosecution of the third, fifth, and sixth causes of action. At the hearing, the Plaintiff stated that it would not pursue sanctions against the Defendant.

---

[1] See the May 12, 2005 Order discussing National American Insurance Company v. Rupert Landscaping, 187 F.3d 439, 441 (4th Cir. 1999).

The Court finds that the Plaintiff shall not be awarded sanctions in this matter.

## Conclusion

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE:                                ) | |
| )| |
| ADVOCARE OF NORTH CAROLINA, )| |
| INC., d/b/a MAGNOLIA GARDENS )| Case No. 04-83632 |
| )| |
| Plaintiff,                )| Adv. No. 05-9015 |
| v.                                    )| |
| )| |
| KIM WALKER RHODES, EXECUTRIX )| |
| OF THE ESTATE OF WALLACE GRAY )| |
| WALKER, DECEASED,        )| |
| )| |
| Defendant.             )| |
| _____)| |

## PARTIES IN INTEREST

Edwin R. Gatton, Esquire
121-B S. Elm St.
P.O. Box 3324
Greensboro, NC 27402-3324

Michael D. West, Esquire
Bankruptcy Administrator's Office
P.O. Box 1828
Greensboro, NC 27402

Lewis A. Cheek, Esquire
Ste. 200 Valley View
3511 Shannon Road
P.O. Box 52394
Durham, NC 27707